FRANKLIN ALLENDER, defendant below, appellant, *vs.* THE MAYOR AND COUNCIL OF WILMINGTON, plaintiff below, respondent.

*Case Stated—Obstructing a Public Street—Appeal from Municipal Court—Title to Street—Adverse Possession—Statute.*

1. Under the facts contained in a case stated, *held* that the title to the bed of a certain street in the City of Wilmington was in the said city, and that the appellant, who was charged with obstructing said street, had not acquired title thereto by adverse possession.

(*December* 5, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Sylvester D. Townsend, Jr.*, City Solicitor, for plaintiff.

*Howell S. England* for defendant.

. Court of General Sessions, New Castle County, November Term, 1906.

APPEAL FROM THE MUNICIPAL COURT OF THE CITY OF WIL-MINGTON, under Section 21, Charter of Wilmington.    The appellant was arrested and charged with obstructing a public street of said City.    He pleaded not guilty, and claimed his right of appeal under the above named section of the City Charter.    The case .was thereupon certified to the Court of General Sessions, without a trial below, upon the filing of the necessary affidavit, in that behalf.

The following statement of facts was filed:

*And Now To Wit* this first day of December A. D. 1906, it is hereby agreed by and between the parties to the above cause, through their respective counsel, that the following facts and plot be submitted to the Court and jury, and that the jury shall find a verdict under the evidence so submitted under the charge of the Court.

1.    That the said Franklin Allender stands charged with the violation of an Ordinance of said City of Wilmington entitled "A Further Supplement to the Ordinance Concerning Offenses against the Public Economy and certain Nuisances," passed at City Hall, May 18th, A. D. 1859, (Charter, Laws and Ordinances of the City of Wilmington—1902 edition—page 359), in that the said Franklin Allender, with force and arms, within the corporate limits of the City of Wilmington, on the  thirtieth day of December A. D. 1905, did place a certain thing, to wit, a board fence between the curb-lines on Twelfth Street, a public street of the City of Wilmington aforesaid, near the intersection of said Twelfth Street with Bennett Street, and did not remove said fence therefrom before the night time of  said thirtieth day of December A. D. 1905.

2.    That said land upon which said fence was so placed is between Lombard Street and Brandywine Creek, and is Norch of a line drawn as a continuation of the Southerly side of Twelfth street from Lombard Street Easterly to Brandywine Creek, and is South of a line drawn as a continuation of the Northerly side of

Twelfth Street from said Lombard Street Easterly to said Brandywine Creek, and is included within that certain lot, piece or parcel of land beginning at a point formed by the intersection of the Southerly line of Twelfth Street with the Westerly line of Bennett Street and including everything between said two lines and the Brandywine Creek, which said lands are more fully bounded and described in a certain deed from Samuel W. Mc-Caulley and John Augustus McCaulley, executors and trustees under the last will and testament of William McCaulley, deceased, to the said Franklin Allender; said deed bearing date the nineteenth day of June A. D. 1905, and recorded in the office of the Recorder of Deeds in and for New Castle County, in Deed Record F., Vol. 20, page 420 et seq., which said deed is made a part of the evidence in this case.

3.   That since said deed the property therein mentioned has been assessed by both the City of Wilmington and the County of New Castle and the said Franklin Allender has paid the City and County taxes assessed thereon.

4.   That in the Street Assessment Book of the City of Wilmington at page 284 appears the following assessment for the years 1905 and 1906, viz.:

"McCAULLEY.

"1 lot E. S. Bennett bed of 12 St. to creek with shed thereon.
$300."

5.   That prior to the year 1887, the said William McCaulley during his lifetime, and his executors and trustees after his death, paid City taxes on all lands of said William McCaulley East of Kirkwood Street and North of Eleventh Street to the Brandywine Creek.

5a.   That neither of the parties hereto is able to prove whether or not any taxes were assessed against the lands of Franklin Allender, East of the Westerly side of Bennett Street and north of the Southerly line of Twelfth Street and extending

to the Brandywine Creek,—from the year 1887 to the year 1901, but it is agreed by the parties hereto that no City taxes were assessed against said last described land from the year 1901 to the year 1905.

6. That the said William McCaulley in his lifetime by his deed dated the first day of February A. D. 1858 and recorded in the Recorder's Office aforesaid in Deed Record F., Vol. 7, page 79 et seq. (which said record is made a part of the evidence in this case) granted and conveyed unto The Mayor and Council of Wilmington the bed of Twelfth Street from the Westerly side of Lombard Street to the Brandywine Creek.

7. That Lombard Street runs North and South and that the streets parallel therewith between Lombard Street and the Brandywine Creek in their order are as follows,—Pine Street, Kirkwood Street, Spruce Street, Bennett Street.

8. That said Twelfth Street is opened and in actual use as a public street from Lombard Street to the Easterly side of Kirkwood Street.

9. That Spruce Street and Bennett Street are opened and in use as public streets Northerly to Eleventh Street and Twelfth Street, respectively; and that the lands bounded by Kirkwood Street on the West, Eleventh Street on the South, Bennet Street on the East and Brandywine Creek on the North are used and occupied as a public Park of the City of Wilmington, known as "Kirkwood Park," the said lands included within said Park having been granted and conveyed to The Mayor and Council of Wilmington by the executors of William McCaulley, deceased by deed dated the                    day of                    A. D.

10. That in said last mentioned deed the bed of Twelfth Street from the Easterly side of Kirkwood Street to the Westerly side of Bennett Street was included without particular description to that effect.

11. That the said executors and trustees of William Mc-Caulley, deceased, granted and conveyed unto Linton Smith and Emma C. Painter, trading as Smith and Painter, all that certain

lot of land situate in the City of Wilmington aforesaid and bounded and described as follows to wit:

*Beginning*, at the intersection of the Northerly side of Eleventh Street with the Easterly side of Bennett Street; thence with the Easterly side of Bennett Street Northerly Three Hundred feet, ten and one-half inches more or less to the Southerly side of Twelfth Street, Easterly Seventy-three feet, seven and three-eighths inches more or less to the middle distance between Bennett and Church Streets; thence Northerly parallel with the Easterly side of Bennett Street                feet more or less to low water mark in the Brandywine Creek or River; thence with said Creek or River in a South Easterly direction                feet more or less to the line of the Westerly side of Church Street (extended) and thence with the said Westerly side of Church Street, Three Hundred and Twenty-three feet, four and one half inches, more or less to the Northerly side of Eleventh Street, and thence therewith Westerly, One Hundred and Forty-seven feet, two and three-quarter inches more or less, to the place of Beginning. As will appear by reference to deed dated May 16th, A. D., 1887, and recorded in the Recorder's Office aforesaid, in Deed Record Y, Vol. 13, page 129 et seq., said record being a part of the evidence in this case.

12.   That the land mentioned and described in said deed to said Smith and Painter is bounded on the north by the southerly line of the land mentioned and described in said deed to said Franklin Allender.

13.   That the said Franklin Allender and the grantors under whom he claims title, have used and occupied said land upon which said board fence was erected as aforesaid without interference or objection on part of The Mayor and Council of Wilmington for more than twenty years prior to the said thirtieth day of December A. D. 1905.

14.   That the above statement of facts is submitted in lieu

of the evidence which the parties hereto would prove by witnesses under oath and by exhibits duly proven.

S. D. TOWNSEND, JR.,
*City Solicitor.*

HOWELL S. ENGLAND,
*Attorney for defendant.*

*Sylvester D. Townsend, Jr., City Solicitor:*—There can be no rightful permanent possession of a public highway for private purposes; and although a right to maintain a private nuisance may in some cases be acquired by prescription, no length of time will render a public nuisance such as the obstruction of a highway, legal, or give the person guilty of maintaining it any right to continue it to the detriment of the public.

*Atlantic City vs. Snee*, 8 *Mun. C. C.* 471; 52 *Atl.* 372: *Augusta vs. Tyner* (*Ill.*), 64 *N. E.* 378; 8 *Mun. C. C.* 804; *Norrell vs. Railroad* (*Ga.*), 42 *S. E.* 466; 8 *Mun. C. C.* 801; *Ralston vs. Weston* (*W. Va.*), 1 *Mun. C. C.* 748; *Dill. Mun. Corp. par.* 675; *Elliott on Roads and Streets, page* 490; *Sullivan vs. Tichener*, (*Ill.*) 2 *Mun. C. C.* 712; *Ashland vs. Railway* (*Wis.*), 4 *Mun. C. C.* 288; *Chafee vs. Aiken* (*S. C.* ) ,4 *Mun. C. C.* 370; *Richardson vs. Davis* (*Md.*), 4 *Mun. C. C.* 557; *Lakeview vs. Lebahn*, 120 *Ill.* 103; *Reilly vs. Racine*, 51 *Wis.* 529; *Shea vs. Ottumwa,* 67 *Ia.* 41; *De Kalb vs. Luney*, 193 *Ill.* 289; *Angell on Adverse Enjoyment* 62-76; 1 *Chitty's Prac.*, 746-759; *State vs. Trask*, 8 *Vt.* 356; *New Orleans vs. U. S.*, 10 *Peters* 662; *Alton vs. Transportation Co.*, 12 *Ill.* 59; *Shirk vs. Chicago*, 195 *Ill.* 312; *Lee vs. Mound Station*, 118 *Ill.* 316; *Reed vs. Birmingham*, (*Ala.*) 33 *A. & E. C. C.* 469; *In re Gay Street*, (*Coatsville, Pa.*) 6 *Pa. Co. Ct. Rep.* 187.

*Howell S. England, for defendant:*—Twenty years continuous, uninterrupted and peaceable possession of real estate will give title to the same in the State of Delaware.

*Rev. Code* 1893 *pp.* 887 *and* 30; *Doe d. Bright vs. Stephens*, 1 *Houst.* 31 (34); *Doe d. Pepper vs. Pepper*, 2 *Marv.* 221 (224); *Pennington vs. Lewis*, 4 *Penn.* 447 (449); *Trusler's executor et. al. vs. McGaugh*, 5 *Penn.* 258.

While the running of the statute of limitations against a municipality never seems to have arisen before in this State, nevertheless it has been decided in at least two cases that the statute will run against the State itself.

*Walls' Lessee vs. M-Gee*, 4 *Harr.*, 109; *Tubbs vs. Lynch*, 4 *Harr.* 521 (523).

After hearing and considering the arguments by the respective counsel, the Court held that the title to said street bed was in the City of Wilmington, and instructed the jury to find the defendant guilty.

**Verdict, guilty.**